**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 19 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff-Appellee,<br><br>    v.<br><br>ALBERTO GARCIA-JIMENEZ, a.k.a.<br>Nelih Alexis Miranda,<br><br>        Defendant-Appellant. | No. 16-10169<br><br>D.C. No. 4:14-cr-00973-CKJ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted April 11, 2017[**]

Before:    GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Alberto Garcia-Jimenez appeals from the district court's judgment and
challenges the 46-month sentence imposed upon remand following his guilty-plea
conviction for reentry of a removed alien, in violation of 8 U.S.C. § 1326.  We
have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Garcia-Jimenez contends that the district court procedurally erred by failing to explain the sentence adequately, and by relying on unsupported facts regarding a prior conviction. We review for plain error, *see United States v. Valencia-Barragan,* 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court sufficiently explained its determination to depart upwards under the commentary to U.S.S.G. § 2L1.2 and impose an above-Guidelines sentence. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Moreover, Garcia-Jimenez has not shown that the district court relied on any clearly erroneous fact. *See United States v. Christensen*, 732 F.3d 1094, 1103 (9th Cir. 2013).

Garcia-Jimenez also contends that the sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Garcia-Jimenez's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Garcia-Jimenez's serious criminal history. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

16-10169